UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON CROY,

    Plaintiff,

v.

GOOGLE LLC,

    Defendant.

Case No. 23-12106
Honorable Shalina D. Kumar
Magistrate Judge David R. Grand

**ORDER OVERRULING PLAINTIFF'S OBJECTION (ECF NO. 42), DENYING AS MOOT PLAINTIFF'S RELATED MOTIONS (ECF NOS. 43, 44, & 45), ADOPTING REPORT AND RECOMMENDATION (ECF NO. 41), AND GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 17)**

**I.    Introduction**

Pro se plaintiff Shannon Croy sued Google LLC ("Google"), alleging that Google participated in a scheme to unlawfully prevent Croy from accessing his Gmail account, which allegedly contains information about 15,000 Bitcoins Croy purchased in 2010. ECF No. 1. The Court referred this case to the magistrate judge for all pretrial matters under 28 U.S.C. § 636(b). ECF No. 9.

Google filed a motion to dismiss, which the parties fully briefed. ECF Nos. 17, 22, 27. The magistrate judge issued a Report and Recommendation ("R&R"), which recommends granting Google's motion.

ECF No. 41. Croy timely filed an objection, to which defendant did not respond. ECF No. 42. Croy also filed the following motions related to his objection (the "related motions"): an ex parte motion to file excess pages for his objection (ECF No. 43); a motion to file medical records under seal (ECF No. 45); and a motion to extend times to file (1) medical records under seal, (2) an amended objection, and (3) an amended complaint (ECF No. 44).

For the reasons below, the Court overrules Croy's objection, denies as moot the related motions, and adopts the R&R.

## II.   Standard of Review

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court from

its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Absent "compelling reasons," arguments or issues that were not presented to the magistrate may not be presented in objections to the R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.
>
> *Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

Where a plaintiff proceeds pro se, the Court must liberally construe the plaintiff's pleadings, holding them to less stringent standards than attorney-drafted pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But "the lenient treatment generally accorded pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Pro se plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

### III.   Analysis

Croy objects to the R&R on the basis that "new concealed facts show [he] has justification to change his claim[s]." ECF No. 42, PageID.957. Croy states that in August 2024, he discovered new facts showing that Google automatically "intercepted his 2010 Private Bitcoin Key Email message sometime before April 27, 2021." *Id.* PageID.962. Croy allegedly discovered these facts from a January 21, 2021 Google Support webpage, Gmail's 2010 terms of use, a 2010 online news article, and 2016 case law involving Google's alleged interception of Gmail emails. *Id.* at PageID.957-62, 985-91. Croy spends nearly all of his objection arguing that he should be allowed to amend his complaint, proposing new allegations based on the purportedly new facts.

The Court overrules Croy's objection for two reasons. First, the Court declines to consider Croy's new evidence. It is within the discretion of a district court to ignore new evidence if the evidence is untimely, and the proponent of the evidence has provided no reason why he or she did not submit it to the magistrate judge. *LaCroix v. Nachtreib*, 2023 WL 8649816, at *2 (E.D. Mich. Dec. 13, 2023) (citing *Moore v. United States Dept of Agric.*, 2018 WL 1612299, at *2 (6th Cir. Jan. 31, 2018)). "Systemic efficiencies would be frustrated and the magistrate judge's role reduced to

that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." *In re Rankin*, 2021 WL 1087660, at *6 (E.D. Mich. Mar. 22, 2021) (quoting *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)).

Here, Croy states he did not discover the purportedly new facts until August 2024, at which time he allegedly found the evidence he now offers. *See* ECF No. 42, PageID.962. But he provides no reason why he did not discover this evidence sooner. All of Croy's purportedly new evidence was available by 2021; most of it by 2016. But Croy waited to present such evidence until September 2024—only after the magistrate judge had already issued the R&R. Even if the purportedly new evidence would otherwise have served as Croy's "knockout punch," the bell has rung, and the scorecard is in. *Rankin*, 2021 WL 1087660, at *6.

Second, Croy fails to object, as required, to certain conclusions in the R&R. Indeed, Croy does not appear to dispute the R&R. Croy starts his objection by agreeing with the magistrate judge—"Judge Grand has the correct understanding of the plaintiff's claim . . . and the plaintiff [sic] logic behind his claim." ECF No. 42, PageID.957. Throughout his objection, Croy reasserts certain claims without identifying any errors in the R&R, *see, e.g.*,

*id.* at PageID.969-70, and, as previously discussed, offers new allegations and arguments to amend his claims, *see, e.g.*, *id.* at PageID.958-59, 970-71. Because Croy does not specifically object to the R&R, the Court need not substantively consider his objection. *See Thomas*, 474 U.S. at 149.

Croy's various motions to supplement and amend his objection do not alter the outcome. With these motions, Croy seeks to explain the circumstances surrounding the Bitcoin-information-containing emails at issue, "clarif[y] his use of the relative word 'Shortly'"; explain a request for an "assistant 11 years later"; argue new statute of limitations issues; and show that he should be afforded extra time and pages to make his arguments due to a disability. ECF No. 43; *see* ECF Nos. 44-45. But Croy does not attempt to explain his delay in presenting the allegedly new facts and evidence or specifically dispute conclusions in the R&R. Thus, the motions would make no difference and are moot.

## IV. Conclusion

Accordingly, the Court **OVERRULES** Croy's objection (ECF No. 42) and **ADOPTS** the R&R (ECF No. 41).

**IT IS ORDERED** that Croy's motions (ECF Nos. 43-45) are **DENIED AS MOOT** and Google's motion to dismiss (ECF No. 17) is **GRANTED**.

**SO ORDERED.**

Dated: September 30, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge